# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICIA KEARNS,

        Plaintiff,

v.                                            CIV 98-1560 JP/KBM

KENNETH S. APFEL,
Commissioner of Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Kearns') Motion to Reverse and Remand for a Rehearing [Doc. 10], filed with the Court September 8, 1999. The Commissioner denied Kearns' claim for disability insurance benefits following a hearing on remand from the Appeals Council. Having considered the arguments, pleadings, administrative record and the relevant law, I conclude that the motion is well taken and should be granted.

### A. Facts/Procedural Background

The Commissioner denied Kearns' four previous applications for disability insurance benefits, and she did not appeal for a hearing. She filed her present application April 8, 1991, alleging disability beginning September 20, 1984, due to severe back pain. Kearns appealed the denial of this application to a hearing before an administrative law judge (ALJ). The ALJ denied her claim January 26, 1995, and she requested review by the Appeals Council. The tape of the hearing was lost, however, so the Appeals Council remanded the case for another hearing. The

second ALJ subsequently denied Kearns' claim after the second hearing. The Appeals Council declined review making the ALJ's decision the final decision of the Commissioner for purposes of review. Kearns now requests this Court's review under 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. §§ 404.1520 and 416.920 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under

20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*. Here, the ALJ found Kearns not disabled at step five.

### C. Issues

Kearns claims that the ALJ made three errors: (1) that the ALJ failed to follow the instructions in the Appeals Council's remand order; (2) the ALJ's residual functional capacity assessment is unsupported by substantial evidence and contrary to law; and (3) the ALJ did not properly consider the evidence in the record. I consolidate issues 2 and 3 into one issue: whether substantial evidence supported the ALJ's conclusion at step five that Kearns was not disabled. Concluding that the ALJ erred, I do not address Kearns' first issue

### D. Discussion

*<u>The ALJ's conclusion finding Kearns not disabled lacks substantial evidence because evidence in the record supporting disability overwhelms evidence to the contrary</u>*.

This Court may not reweigh the evidence nor substitute its discretion for the Commissioner's. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1995). However, evidence "is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Tension necessarily exists between the rule that a court may not reweigh evidence and the other rule that evidence is not substantial if other evidence overwhelms it. Wherever the exact line between those principles falls, I find that in this case the evidence showing that Kearns was disabled overwhelms the

3

contrary evidence.

Here, the ALJ relied chiefly on the finding of Dr. William Trafton, who performed a consultative examination, to conclude that Kearns was not disabled. In sum, Dr. Trafton found no significant functional limitations on Kearns' normal activities. [AR 190] Ordinarily, Dr. Trafton's findings would constitute substantial evidence. *See Glass*, 43 F.3d at 1395 (substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.) *Glass v. Shalala*, 43 F.3d 1392, 1395. The difficulty in this case is that contrary evidence in the record overwhelms Dr. Trafton's findings.

At the same time the ALJ gave specific reasons for rejecting the findings of Dr. Arthur Bieganowski, Kearns' treating physician, who found Kearns disabled. [AR 18-20] Dr. Bieganowski's evaluation letters are somewhat muddled regarding the dates of Kearns' onset of disability. [AR 223-226, 241] As such, it is hard to fault the ALJ for being less than enthusiastic about Dr. Bieganowski's credibility. Even so, Dr. Bieganowski's medical opinion, that Kearns was totally and permanently disabled at the relevant time, has corroboration from numerous other sources in the record.

In 1984, Dr. Roy C. Willie found Kearns "permanently and totally disabled" for the "remainder of [her] lifetime" due to her back problems. Dr. Wille examined Kearns for her application for disability retirement from Kennecott Copper Corporation, her former employer. [AR 173, 199] Jeannette Shepard, a certified nurse assistant and personal friend of Kearns, believed that Kearns was totally and permanently disabled during the relevant time. [AR 214-22] So did five other individuals, apparently friends and relatives. [AR 216-22] Kearns herself testified to her own inability to lift more than five pounds without problems. [AR 34] In

4

addition, Kearns' chiropractor, Jeptha Carter, concluded in 1984 that Kearns was "at a high risk level as far as doing any type of labor." [AR 230] As late as 1993, Dr. Carter still believed that Kearns' "spinal conditions [had] deteriorated and this [made] her an even more undesireable canidate [sic] for employment." [AR 229]

In an undated evaluation, Dr. Carter found Kearns unable to lift more than five pounds and carry more than ten pounds occasionally. He also found Kearns unable to use pushing and pulling arm and leg controls, and unable to bend, squat, crawl, climb or reach without causing pain. [AR 254] These findings place Kearns' ability below even sedentary work, and therefore show her to be disabled. *See* §§ 404.1567(a) and 416.967(a). Moreover, though the foregoing individuals are not licensed medical sources except for Dr. Bieganowski, *see* § 29 C.F.R. 404.1513(a) (1999), they are sources the Commissioner accepts as helpful "to understand how your impairment affects your ability to work." § 404.1513(e). These sources therefore constitute substantial evidence of disability.

The evidence supporting Kearns' claim of disability comes from many and various individuals. It is thus difficult to believe that Kearns could convince that many people that she was disabled if she were not. The evidence favoring the conclusion that Kearns was disabled therefore overwhelms Dr. Trafton's opinion, which he formed after only one visit with Kearns during a consultative examination, and which appears to be the only opinion of record that Kearns was not disabled.

### E. Conclusion

For the foregoing reasons, I conclude that the ALJ erred in not finding Kearns disabled. I

5

therefore recommend that the ALJ's decision be reversed with instructions to award Kearns all benefits to which she is entitled. Timely objections to the foregoing may be made pursuant to 28 U.S.C. 636(b)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**

Gary J. Martone
Albuquerque, NM

**Counsel for Defendant:**

Joan M. Hart
Albuquerque, NM